BERTRAM H. SAUNDERS v. ADAMS EXPRESS COMPANY.

Submitted December 6, 1907—Decided February 24, 1908.

1. It is competent for a common carrier, by agreement with the shipper, to limit its liability for damages recoverable for goods injured to the amount stipulated in the shipping receipt.
2. Upon the argument of a rule to show cause reserving exceptions, the court will not consider the legal questions involved in the exceptions reserved.

On rule to show cause.

Before Justices VOORHEES and MINTURN.

For the rule, *Preston Stevenson*.

*Contra, McCarter & English.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff delivered a calculating machine, of the value of $2,925, to the defendant company at Washington, to be delivered at Clifton, New Jersey. The Adams Express Company, having no office at Clifton, delivered the machine, at Jersey City, to the Wells Fargo Company, and the latter company delivered it to the consignee. When opened, the box enclosing the machine disclosed the fact that the machine had been injured, and to recover damages for these injuries this suit was brought.

The receipt delivered to the plaintiff, at Washington, contained these conditions:

"In consideration of the rate charged for carrying said property, which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars unless a greater value is declared, the shipper agrees that the value of said property is not more than fifty dollars, unless a greater value is stated herein and that the company shall not be liable in any event for more than the value so stated, nor for more than fifty dollars if no value is stated herein. 2. If the express company has not an agency at the point of destination, it shall carry the property to its agency nearest or most convenient thereto, and there notify the consignee, or deliver the property to some other carrier to continue the transportation. The Adams Express Company shall not be liable for loss or damage occurring after such delivery, nor for detention after having tendered the property to a connecting carrier."

The cause was tried by Mr. Justice Reed, sitting in the Mercer Circuit Court, without a jury, and a judgment was rendered in favor of the defendant upon certain findings of fact and law by the court.

A rule to show cause, reserving exceptions, was then granted, upon which the case is now before this court for review.

The judgment, upon principles well settled by this court, cannot be disturbed if the evidence sufficiently supports the findings of the learned trial court; nor are we at liberty,

upon this rule, to review the questions of law raised by the exceptions reserved. *Holler* v. *Ross,* 38 *Vroom* 60.

The learned trial court finds as a fact that the plaintiff did not read the receipt which defendant delivered to him, and it does not appear in the testimony that the defendant called his attention to the conditions printed thereon, limiting the amount of recovery to $50 under certain contingencies, and also restricting the defendant's liability for damages to injuries occurring upon its own route.

We think the finding of the learned trial court that the shipper was asked by defendant's driver, at the time of shipment, as to the value of the machine is sufficiently supported by the testimony, and that the liability of defendant in any event as a result of this finding of fact, could not, under the circumstances, exceed the limitation of $50, contained in the receipt.

That it was lawful for the carrier to make such a contract is abundantly supported by the authorities in this and other jurisdictions. *Russell* v. *Erie Railroad Co.,* 41 *Vroom* 808; *Hayes* v. *Adams Express Co.,* 44 *Id.* 103; *Hart* v. *Pennsylvania Railroad Co.,* 112 *U. S.* 331.

But the learned trial justice found also as a fact, that the injury to the machine probably occurred while being delivered at plaintiff's house at Clifton, by the Wells Fargo Company, and we are unable to say that his finding in this respect was not warranted by the testimony and the reasonable inferences to be drawn therefrom.

His judgment upon the facts was substituted for that of the jury, and it is entitled therefore, in this phase of the case, to the same consideration by this court.

This *status* presents the question of law whether the liability of the defendant company, under the contract, extends beyond the terminus of its own line. But as this question and the other legal questions involved are covered by the exceptions reserved by this rule, we are precluded from considering them at this time. We think the conclusions and inferences drawn by the learned trial justice are supportable by the testimony, and that for this reason the rule to show cause should be discharged.